UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION


TAFFY L. DAVIS,

        Plaintiff,

       v.                                          Case No. 1:03-CV-0735

EAST GALBRAITH HEALTH CARE
CENTER,

        Defendant.


## ORDER

This matter is before the Court upon Defendant's motion for summary judgment (doc. 23), Plaintiff's response (doc. 25), and Defendant's reply (doc. 26).  Defendant has filed proposed findings of fact and conclusions of law, which Plaintiff has highlighted as true, false, or irrelevant. (doc. 27).

### I.  Introduction

Plaintiff Taffy Davis originally filed this action against Defendant East Galbraith Healthcare Center (East Galbraith) in the Court of Common Pleas, Hamilton County, Ohio, on September 19, 2003. (doc. 1, exh. A).  Defendant removed the action to this court on October 24, 2003.  (doc. 1).  Plaintiff brings claims for pregnancy discrimination in violation of both Title VII

of the Civil Rights Act of 1964, as Amended by the Pregnancy Discrimination Act, and Ohio

Revised Code §§ 4112.02 and 4112.99, and a claim for violation of Ohio public policy.  (doc. 1, exh A).

## II.  Undisputed facts

East Galbraith is a skilled nursing facility, which provides long-term residential healthcare for the elderly and disabled.  Plaintiff applied for, and was accepted into, East Galbraith's Nurse Assistant certification class.  Diane Hocket (Hocket) was East Galbraith's Staff Development Coordinator and lead teacher of this certification class.  In addition to teaching the class, Hocket determined which students were accepted into the certification class and which of these students were offered subsequent employment with East Galbraith.

Plaintiff first told Hocket that she was pregnant after she had been admitted into the certification class.  Plaintiff successfully completed the certification class and received a certificate of completion from Hocket.  Plaintiff was not offered subsequent employment with East Galbraith.

## III.  Disputed facts

Defendant asserts that it was aware that Plaintiff was pregnant before she was accepted into the certification program.  Defendant further asserts that Plaintiff was not hired because she was disruptive in class, exhibited increasingly inappropriate behavior, and insulted East Galbraith's Director of Nursing.

Plaintiff claims the Defendant had no way of knowing that she was pregnant when she interviewed with Defendant and was accepted into the certification program because she was obese and was not "showing" at the time.  In addition, Plaintiff claims that Hocket told her she would a have a job for her after the birth of her child.  Plaintiff also claims that her comments to

1

the Director of Nursing were not insulting, but were meant as a compliment. Lastly, Plaintiff declares that she experienced no disciplinary problems during class, and she has provided a declaration from a fellow classmate attesting to this.

## IV. Applicable Law

### A. Summary judgment standard

Fed. R. Civ. P. 56 allows summary judgment to secure a just and efficient determination of an action. This Court may only grant summary judgment as a matter of law when the moving party has identified, as its basis for the motion, an absence of any genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 327 (1986).

The party opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby,* 477 U.S. 242, 248 (1986) (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.,* 391 U.S. 253 (1968)). This court must view the evidence and draw all reasonable inferences in favor of the non-moving party. *Matushita Elec. Indus. Co. V. Zenith Radio Corp.*, 474 U.S. 574, 587 (1986).

The court is not to weigh the evidence and determine the truth of the matter but is to decide whether there is a genuine issue for trial. *Anderson,* 477 U.S. at 249. No genuine issue exists for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. *Id.* (citing *Cities Serv.*, 391 U.S. at 288-89). If the evidence is merely colorable, *Dombrowski v. Eastland,* 387 U.S. 82, 84 (1967), or is not significantly probative, *Cities Serv.,* 391 U.S. at 290, summary judgment may be granted. *Anderson,* 477 U.S.

2

at 249.

## B. Pregnancy discrimination

As federal case law interpreting Title VII actions is generally applicable to discrimination claims under Ohio law, this Court reviews Plaintiff's pregnancy discrimination claims under federal law.  *See Singfield v. Akron Metro. Hous. Auth.*, 389 F.3d 555, 561 (6th Cir. 2004).  *See also Plumbers & Steamfitters Joint Apprenticeship Committee v. Ohio Civil Rights Com.*, 66 Ohio St. 2d 192, 196, 491 N.E.2d 128, 131 (1981).

A claim of discrimination based on pregnancy under Title VII is analyzed in the same manner as any other claim of discrimination based on sex.  *Cline v. Catholic Diocese of Toledo*, 206 F.3d 651, 658 (6th Cir. 2000).  This evidentiary framework requires that the plaintiff first establish a prima facie case of unlawful discrimination or introduce direct evidence of discrimination.  *Manzer v. Diamond Shamrock Chemicals Co.*, 29 F.3d 1078, 1081 (6th Cir. 1994).

A prima facie case of pregnancy discrimination is established when the plaintiff demonstrates "1) she was pregnant, 2) she was qualified for her job, 3) she was subjected to an adverse employment decision, and 4) there is a nexus between her pregnancy and the adverse employment decision."  *Cline*, 206 F.3d at 658. Plaintiff may establish the fourth prong of a prima facie case by showing that she was treated less favorably than a similarly-situated employee outside of her protected class. *Clayton v. Meijer, Inc.,* 281 F.3d 605, 610 (6th Cir. 2002).  In such a case, plaintiff must prove that all relevant aspects of her employment situation were similar to those of the employee with whom she seeks to compare herself. *Ercegovich v. Goodyear Tire & Rubber Co.,* 154 F.3d 344, 352 (6th Cir. 1998).  The plaintiff's task of

establishing a prima facie case is not meant to be "onerous" and is "a burden easily met." ***Cline,*** 206 F.3d at 658 (internal quotations and citations omitted).

During the prima facie stage, the court reviews a plaintiff's objective qualifications to determine whether she was qualified for the position sought. ***Wexler v. White's Fine Furniture***, 317 F.3d 564, 575 (6th Cir. 2003).  The plaintiff may demonstrate her qualifications, which may include education, experience in the industry, and required general skills, by presenting credible evidence that her qualifications are at least equivalent to the minimum required for employment in the position sought. ***Id.*** at 575-76.  A court may not consider the employer's alleged nondiscriminatory reason for the adverse employment action at the prima facie stage, but at this point, it must examine the plaintiff's case independent of the reason offered by the defense. ***Id.*** at 574; ***Cline***, 206 F.3d at 660-661.  The court's consideration of the nondiscriminatory reason offered by the defendant is properly reserved for the second stage of the ***McDonnell Douglas*** analysis. ***Cline,*** 206 F.3d at 662.  Otherwise, the plaintiff loses the opportunity to demonstrate that the defendant's nondiscriminatory reason for the adverse employment action is "a pretext designed to mask discrimination." ***Wexler,*** 317 F.3d at 574 (citing ***Cline,*** 206 F.3d at 660-61).

If the plaintiff establishes a prima facie case of discrimination, the burden then shifts to the employer to articulate a legitimate, nondiscriminatory reason for the adverse employment action. ***McDonnell Douglas Corp***, 411 U.S. at 802.   If the employer satisfies this burden, the plaintiff must then prove that the reasons offered by the employer were a mere pretext for discrimination. ***Id.*** at 804.

**V. Opinion**

After careful review of the record, the Court finds that there are genuine issues of fact

which preclude granting summary judgment in favor of Defendant on each of Plaintiff's claims.

Plaintiff has presented sufficient evidence to establish a prima facie case of pregnancy

discrimination. First, it is undisputed that Plaintiff was pregnant when she was subjected to an

adverse employment decision. Second, Plaintiff has submitted evidence that she was qualified

for the job that she was seeking. Plaintiff appears to have met Defendant's objective hiring

criteria under the ***Wexler*** analysis. She was admitted into, and successfully completed,

Defendant's Nurse Aid Training and Competency Evaluation program, thus arguably

demonstrating that she possessed the minimum educational qualifications, experience in the

industry, and general skills required for the position. Although Defendant alleges Plaintiff was

not qualified for the position she sought because she was generally disruptive in class and called

the Director of Nursing "fat," this is the same reason Defendant has proffered for not extending

an offer of employment to Plaintiff. As indicated above, under Sixth Circuit case law, the

legitimate nondiscriminatory reason offered by the employer for the adverse employment action

may not be used "as a predicate for finding [the Plaintiff] failed to make a prima face case."

***Cline***, 206 F.3d at 660. Thus, Defendant's allegation is not properly considered at the prima

facie stage.

Third, there are disputed issues of fact underlying the determination of whether Plaintiff

was treated less favorably than similarly-situated classmates and discriminated against based on

her pregnancy. Plaintiff claims that she was the only student who successfully completed

Defendant's program who was not offered subsequent employment. Defendant points to another

5

student who was provided a certificate of completion but was dismissed before the program was over due to disruptive behavior as evidence that Plaintiff was not treated less favorably than a similarly-situated individual who was not pregnant.  The fact that this student was removed from Defendant's evaluation program by police officers based on her disruptive behavior, however, suggests that Plaintiff's situation may not be comparable to that of this other student.  In addition, while Defendant claims that Plaintiff was not hired because she was disruptive in class, Plaintiff has presented sworn statements from herself and another classmate attesting that she was not disruptive in class.  Finally, although Defendant claims that Plaintiff insulted the Director of Nursing, Plaintiff testified in her deposition that her comment was intended as a compliment.  Resolution of these contrasting versions of the facts hinges on credibility determinations, so that summary judgment based on failure to establish a prima facie case is not appropriate.

In addition to coming forward with sufficient evidence to establish a prima facie case, Plaintiff has presented evidence that calls into question whether the reason asserted by Defendant for not offering Plaintiff employment is a mere pretext for discrimination.  Thus, the issue of whether the reason articulated by Defendant for its employment decision is pretextual cannot be resolved on summary judgment.

Lastly, although Plaintiff raised three claims in her complaint, Defendant has addressed only two in its motion for summary judgment. Defendant has not addressed Plaintiff's claim that Defendant's conduct violated the clear public policy of the State of Ohio.  Plaintiff's public policy claim is therefore not before the Court at this time and the Court makes no determination as to the sufficiency of this claim.

6

Accordingly, as there are unresolved issues of fact underlying Plaintiff's discrimination claims, summary judgment is not appropriate in this matter.  The Court cautions that Plaintiff may not obtain a double recovery on her claims under federal and Ohio law and she may be required to elect the law under which she desires to proceed.

### V.  Conclusion

In accordance with the forgoing, the Defendant's motion for summary judgment is **DENIED**.  This case will proceed to trial in accordance with the schedule established by the Court.

**IT IS SO ORDERED**.


S/ Herman J. Weber
                HERMAN J. WEBER
        SENIOR JUDGE, UNITED STATES DISTRICT COURT


J:\HJWA\03-735pdamsjPUB.wpd

7