UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| TAFFY L. DAVIS, | : | Case No. 1:03-cv-735 |
| Plaintiff, | : | Black, M.J. |
| vs. | : | |
| EAST GALBRAITH HEALTH CARE CENTER, | : | |
| Defendant. | : | |

**ORDER**

This is an employment discrimination case in which plaintiff Taffy L. Davis claims that she was denied employment by defendant East Galbraith Health Care Center in violation of Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act; Ohio Rev. Code Ann. §§ 4112.02, 4112.99; and Ohio public policy. Plaintiff alleges that she was the only one of nine students who completed a pre-employment certification class who was not offered employed by defendant upon completion of the class.

Plaintiff, by counsel, has filed a motion in limine in which she seeks, *inter alia*, to preclude defendant from presenting at trial, through the testimony of Diane Hoket (and perhaps others), evidence regarding statements made to Hoket by unspecified third

parties. (Doc. 31.)¹ In particular, plaintiff asks the court to prohibit Hoket from testifying that other students made complaints describing plaintiff's behavior as "inappropriate, antagonistic, and unprofessional." (*Id.* at 3-4.) Plaintiff contends that such statements are hearsay and inadmissible at trial under Federal Rule of Evidence 802.

In opposition to the motion in limine, defendant argues that such statements are not hearsay because they are not offered for the truth of the matters asserted but to show their effect on Hoket, who made the decision not to offer employment to plaintiff.

The Sixth Circuit has held that declarations by co-workers (or other third parties) are not hearsay and are admissible if offered not for the truth of the matters asserted but as evidence of the decision maker's state of mind. *See Bush v. Dictaphone Corp.*, 161 F.3d 363, 366-67 (6th Cir. 1998). Defendant may not offer the observations of the other students to prove that plaintiff's conduct was "inappropriate, antagonistic, and unprofessional," but defendant may offer the testimony and declarations to show their effect on Hoket, the listener. *See Hagan v. Warner/Elektra/Atlantic Corp.*, 92 Fed. Appx. 264, 267-68 (6th Cir.) (citing *United States v. Horton*, 847 F.2d 313, 324 (6th Cir. 1988)), *cert. denied*, 125 S. Ct. 656 (2004). That is, to establish a defense in a pregnancy discrimination case, "it is well settled that an employer may rely on such testimony in articulating a nondiscriminatory reason for its actions." *Mazzella v. RCA Global*

---

¹ Plaintiff raised two other objections in her motion in limine: (1) defendant's intention to call witnesses not previously disclosed; and (2) defendant's plan to use documents at trial that had not been disclosed. (*See* Doc. 31 at 1.) Counsel for the parties have notified the Court that these issues have been resolved extrajudicially. With respect to these objections, the motion in limine is denied as moot.

*Commc'ns, Inc.*, 642 F. Supp. 1531, 1543 (S.D.N.Y. 1986) *aff'd*, 814 F.2d 653 (2nd Cir. 1986).

To avoid any undue prejudice relating to this testimony, the witness must identify the declarants.  Additionally, the Court will give a limiting instruction to inform the jury of the proper manner in which this testimony should be evaluated.  *See Cameron v. Board of Educ. of Hillsboro City Sch. Dist.*, 820 F. Supp. 336, 337 (S.D. Ohio 1993).

Accordingly, **IT IS HEREBY ORDERED THAT** plaintiff's first motion in limine (Doc. 31) is **DENIED**.  Further, each party **SHALL FILE** a proposed limiting instruction on or before Wednesday, October 19, 2005.

**IT IS SO ORDERED.**


Date:   10/12/05                             s/Timothy S. Black
                                             Timothy S. Black
                                             United States Magistrate Judge